May it please the court, Bruce Tepper on behalf of M&A Gabaee. The issue as refined is very narrow, and that is, what is the meaning of the first prong of the Younger Abstention Doctrine, as articulated by the U.S. Supreme Court in Middlesex? What is the concept of an ongoing state action? And from the perspective of the appellant, we believe the case should be controlled by the Eighth Circuit's determination in Aaron v. Target Corporation. We believe that to be the most evenhanded and non-mechanistic approach to the first prong of younger abstention. The underlying facts for younger abstention are as follows in this case. In this case, the Now, there are two properties. There's 1040 Slauson and what's the other one, 1010? 1010, Your Honor. All right. It's multiple properties. And in the first property, Gabaee has a fee simple interest. In the second property, Gabaee has a leasehold interest. Yeah, but the issue we have here is the pending proceedings in the state. Yes. It doesn't really matter if it's fee or leasehold, does it? Not at all. All right. In the first case, the one that I'm talking about Before we go any further, what is the status of the state court proceedings as we speak? Amazing question. The state court proceedings, both of them, less than a month ago, were dismissed conditionally with the right of the redevelopment agency to refile upon the correction of certain defects in its resolution of necessity in each instance. That is, the issue of concern to us here, the private use issue from the Fifth Amendment, was not the issue that the state court addressed in dismissing conditionally the two state court cases. So is it fair to say that state court proceedings are presently pending? Yes. They're dismissed, you just told us. No, no, no. I said conditionally. In the federal courts, we're not experienced with conditional dismissals. You're either dismissed or you're not dismissed. Well, that's the argument I tried to impress upon the state court judge. But there is no change. It's like being half-pregnant. You're either are or you're not. You're either dismissed or you're not. But for the purposes of the state court proceedings, both of them, the court dismissed both of the state court proceedings because the resolution of necessity adopted in each instant by the redevelopment agency was defective. That resolution deprives the redevelopment agency of jurisdiction to condemn property, because the court determined that the mistake in the resolution of necessity in each instance was a non-major mistake. That is, something akin to ministerial, but not quite. And you've got to see the transcript to believe how it's articulated. It was the cases were dismissed conditionally. Is that like a stay? No, it's not, because in each case, all proceedings that were that had been calendared thereafter had been removed from the calendar. It sounds to me like there's nothing pending. There is something pending. In fact, today, right now, at 8 o'clock this morning, the redevelopment agency was attempting to adopt remedial resolutions of necessity. Okay. But that's in the agency. I'm talking we're dealing with Younger here. And the issue in Younger is what is the status of the state court proceedings in relation to the federal court proceedings. And if, in fact, these proceedings have been dismissed, it seems there's no Younger problem. Or is there? I don't know. You tell me. I would agree if I understood the nature of a conditional dismissal. What's the condition in the order? The condition in the order is twofold. The redevelopment agency has to clean up and refile a new, adequate resolution of necessity. How long is that going to take? Well, it's being adopted right now as we talk. In addition, the redevelopment agency has to pay attorney's fees to my client attributable to this delay. Does that mean that the old complaint then will be reinstated or it will be refiled and reserved? Or what does the court contemplate? In the — Would you have to then — I don't mean to interrupt you, but would the redevelopment agency then have to replete the new authority that it now had in order to satisfy the California procedure? That issue, I believe, has been decided by the trial court as a we'll just take up where we left off type of approach. That is, no new repleting and resume where we left off when each case was dismissed. Now, that interpretation is not ripe for appellate review in the state court yet. We believe it to be erroneous. We believe that you cannot have a failure of jurisdiction as occurred in the state court and have it be revived in the middle of the case. It either existed when it was filed or not. But that's not — These proceedings are with respect to the both properties, right? We're not — it's no different between one and the other in terms of the dismissal? There are dismissals in both cases. All right. Well, let's take the — let's say the more clear-cut issue, the 1010 property. The state court proceeding was filed before the Federal proceeding. In other words — excuse me, the Federal proceeding was filed on the 14th of July. The state court was filed on the 15th. Is that correct? On the 1010, yes, that is correct. All right. Well, that's pretty clear-cut, isn't it? Yes. We think so. The Federal court proceeding was filed before the state court proceeding, yes. Is there a continuing question, or should I just go on? Is your argument, then, that the fact that the Federal case was filed first in and of itself vitiates any younger problem? No. That's your argument. In the two cases much — the two Federal cases much — must be read in tandem, because in the first — and I don't — it's a convoluted answer, and I apologize. Because in the first case, the Court held that it was — the Court could not examine what was going on in the state court, because the — under the Aaron case that we cited, there was an attempt to examine what's going on in both cases. So what we looked at is whether or not Aaron applies to either case. Aaron applies to either the first case, and the Court said it did not. I'm referring to the Eighth Circuit decision in Aaron. Or it — and if it doesn't apply in the first case, then it can't apply in the second case where the Federal action was filed first. All right. But you have the Polykov case. And even though the Federal proceeding was technically filed a day before the State, Polykov seems to say that the test is substance of proceedings. Yes. I've read Polykov. And while I — I stopped short of calling it dicta, the determination of the Court in Polykov was made not on the basis of the first prong of Younger, that is, ongoing State proceedings. It was based on the second prong of Younger abstention, that is, the State's interest in having its action heard first. And the Court denied in Polykov the Younger application because of the failure of the second prong. It really didn't address the first prong in Polykov. Similarly, in the other case that's been cited both by the district court and by Appellee's counsel, that is, the Salish or Salish case, that's also — that's worse dicta because — or that actually is dicta because in that case, the interlocutory review to reach the determination of Younger abstention was not allowed under the Bauman objective principles. So we're looking at two instances where the Ninth Circuit has not squarely addressed the issue of what is required to satisfy the first prong of Younger, that is, is it a rote, a mechanistic approach that is first filed? Is it a rote, mechanistic approach, that is, if the Federal court action is filed, you only — you only look at whether or not — if Federal court action is filed first, you only look at whether or not the Federal process has engaged sufficiently to be described as substantial or it's called embryonic if it hasn't moved forward? Or do you take the approach of the Eighth Circuit, which did squarely address that issue, and said, in the situation where either the State court case is filed first or the Federal court case is filed first, you look at the proceedings in both the State and Federal court to see who's further along? All right. What about Hicks and Agriesti? I don't believe either one of those are civil cases, Your Honor. Before we get to Midkiff, I think there is a focus primarily of the courts on criminal process. And I have seen a hesitancy of the circuits to get involved in Younger abstention or it's been a step-by-step approach to get involved in Younger abstention in non-criminal settings. That's not to say they're not getting involved, but they're being a little more deliberate in the application of it. Counsel, are you familiar with our en banc case, Gilbertson v. Albright, which addressed Younger? No. It was decided in September 2004. We did not see it, and the district court didn't cite it. So, no, I am not familiar with that case. Are there any other questions? No, thank you, counsel. Good morning, Your Honors. Counsel. May it please the Court, I'm Victor, on behalf of the Community Redevelopment Agency of the City of Los Angeles. If I may, by way of responding to some questions that were earlier raised about the status of the case and conditions. Yes, I'd like to hear your version. What happened with the originally passed resolution of necessity is that a clerical error was made. There were a few words added to one of four findings which must be made in order to authorize the agency to go forward with condemnation action. The State court classified it as a clerical error and indicated that it would conditionally dismiss, which was pursuant to statute so allowing, and that if we satisfied the resolution of necessity language by correcting that clerical error, we could then be reinstated where we had left off. In fact, a right to take trial has been held in the initial debate matter already and completed, but the resolution is needed for us to go forward and gain possession of the property. So this case could spring back to life in its original form. It would, Your Honor. We simply would amend the complaint, attach the new resolution of necessity, which will be different from the first only in that it will correct the clerical error that was contained in the initial, and then counsel in the second matter, the 1010 East Lawson property matter, will go forward with argument, we had rested our case and this issue was raised in the middle of the right to take trial in the second matter. Do you agree, at least with counsel, that for your purposes this case is pending? If by pending, you mean that the case was in the meaning of Younger, which is why we're here. The State action has not been dismissed outright. It is pending. We have an official State proceeding, a State court proceeding, which has been abated basically just to allow for this correction of a clerical error. I don't think that it affects the status of the State proceeding. And, indeed, the Court has so indicated that all we're going to do is wait for the corrected resolution. The initial complaint will be amended and then the case will go forward. All right. With respect to the two cases that we have here, the 1010 and the 1040, which is the case that has a Younger issue? If we were looking only at who got to the courthouse first, if this were a horse race case, then clearly the first would be the easier, because the State court action was filed well before the Federal action was filed by the case. That's the 1040. That's the 1040. In the second matter, the Federal action was filed a day before the resolution of necessity was passed, which authorizes the agency to bring a condemnation to a non-combat matter. And so in that instance, the horse race would have been won by the Gabay interests. But that's not the test. The test now is whether there were proceedings of substance on the merits that had gone forward in Federal court before the filing of the State matter. Let me ask you this. Do you see a difference in analysis when the State action is filed first as opposed to when the Federal action is filed first, or do you think the analysis is the same regardless? I believe under Ninth Circuit law that the analysis is the same. It's only if we adopt an Eighth Circuit approach under the R&B Target case where we are looking at whether proceedings of substance on the merits have occurred in State court, not just Federal court, that you would have a change in result. So the position of the agency would be that there is no difference. Okay. In your view, what case from the Ninth Circuit determines the outcome? Since you say the analysis is the same, what Ninth Circuit precedent determines the outcome of both of these cases in your view? I believe that the Polykov court picks up where the Hicks and Midkiff U.S. Supreme Court cases left off to adopt the test, that you look to the Federal court proceedings to see if there are proceedings of substance on the merits that have gone forward. And I think that the focus rightfully is there because the concern is to honor Federalism and comity under younger abstention, that you don't want to interfere with significant State proceedings. It's long been held that eminent domain matters implicate a sovereign prerogative, and therefore, the Federal courts tread lightly. And indeed, under Polykov, there is Federal activity which has gone on before the filing of the State action. There, there was a TRO that had been granted, but before a preliminary injunction had been heard, and the Polykov court said, we don't look to see if the matter was filed first in Federal court. We look to see whether you have an action going forward in State court before anything of substance has gone on in Federal court. Yeah. Polykov, the language is a little confusing to me because although it says you don't compare the dates, it just says abstention may be required if the State proceedings have been initiated. It doesn't talk about anything of substance before any proceedings of substance on the merits have taken place in the Federal court. And that seems to me to say, perhaps, that you're not looking at the substance of the State proceedings, but at the substance of the Federal proceedings. What's your take on that? Well, I believe that the Polykov court is saying that we look at whether anything of substance has gone on in the Federal forum, not whether something has gone on in the State court. So let me ask you this. If there is a State case filed, regardless of the status of that case, and then a Federal case is filed under Polykov, in your view, would Younger's abstention apply? I believe that the Polykov court would still find that the State action would go forward that the Federal court should abstain. The filing in State court, as it were, trumps the what was going on in Federal court, because we're not looking at the substance of the Federal court. But if nothing of substance had taken place in the State court proceeding? That would be our position, Your Honor. Any other questions? Well, let me ask you the converse. If the Federal proceeding is filed first, just filed, and then the State court proceeding is filed, how would Polykov, in your view, affect the outcome of Younger's abstention in that circumstance? Well, that is what happened in Polykov, that the Federal action was filed first. And things had moved along to the TRO stage, in fact, before you have your State action filed. And even under that circumstance, the Polykov court came down on the side of abstention. But that's where you look at whether or not something of substance has taken place in the Federal. Correct. Correct, Your Honor. I understand. Anything further, counsel? No, Your Honor. Thank you. The case just argued will be submitted for decision. And we will now hear argument in Turner v. CIT. You may proceed, counsel.
judges: O'scannlain, Rawlinson, Whaley